## DONNAN v. WATTS.

When a debtor to an estate by note for purchases of personalty at the
estate sale afterwards becomes administratrix *de bonis non,* her debt is
paid to herself as administratrix, and the sureties on her administra-
tion bond cannot call upon the sureties on her note to pay the debt.

Before FRASER, J., Laurens, February, 1884.

On the hearing of this appeal, Judge Witherspoon, of the
Sixth Judicial Circuit, sat in the place of the chief justice, who
had been of counsel in the cause.

The opinion states the case. The order of the Circuit judge
was as follows: "It seems to me that the sureties on the bond of
the administrator *de bonis non,* and who was the debtor, are the
very persons who have put the sureties on the note in a position
of very great hardship if they have not been relieved of this lia-
bility. It is their fault that Sophia M. Langston is both payor
and payee in this case. The case of *Jacobs* v. *Woodside* (6 *S.
C.,* 490), seems to be conclusive. In that case the action was
brought by a succeeding administrator, who might claim an option
as representing creditors as to which party he would pursue. The
primary liability is certainly on the sureties to the bond as admin-
istratrix *de bonis non,* and these sureties have no rights against
the sureties on the note. It is therefore ordered and adjudged,
that the demurrer be sustained and the complaint dismissed with
costs."

*Mr. James Farrow,* for appellant.

*Messrs. Holmes & Simpson,* contra.

March 31, 1885. The opinion of the court was delivered by

MR. JUSTICE WITHERSPOON. John M. Langston died intes-
tate in 1862, and D. M. H. Langston was duly appointed admin-
istrator of his estate. The administrator, on December 10, 1862,
sold the personal property of his intestate. At this sale the
defendant, Sophia M. Langston, the widow of the intestate, pur-

chased a considerable amount of the property, for which she gave the administrator her sealed note, payable at twelve months, with J. F. Dorroh and Samuel J. Craig as sureties. In 1863 the administrator, D. M. H. Langston, died before he had fully administered the estate of John Langston. After the death of D. M. H. Langston, the defendant, Sophia M. Langston, the widow of John Langston, was duly appointed administratrix *de bonis non* of the estate of John Langston, August 31, 1863, and as such administratrix received her own note as part of the unadministered assets of the estate of John Langston. On November 16, 1879, upon the final settlement of the estate of John Langston by Sophia M. Langston, administratrix, in the Probate Court for Laurens County, a decree was rendered by said Probate Court in favor of creditors against said administratrix for $1,991.64, the administratrix having been charged with her own note as cash in hand.

This action was instituted by plaintiff, one of the sureties upon the bond of Sophia M. Langston, administratrix *de bonis non*, against the said Sophia M. Langston, and the sureties on her note against the co-surety on the administration bond and creditors, to compel the sureties on the note to pay the amount of the note to the creditors of John Langston. Upon the call of the case and the reading of the complaint, all of the defendants interposed a general oral demurrer, upon the ground that the complaint does not state facts sufficient to constitute a cause of action. His honor, Judge Fraser, sustained the demurrer and dismissed the complaint with costs. The plaintiff appeals upon the ground "that the facts in this case warrant an exception to the general rule which charges executors and administrators with their own notes as cash."

Sophia M. Langston's relation to the debt was changed when she became administratrix. She thereby became both payer and payee of the note. The remedy for the collection of the note was completely suspended by Sophia M. Langston becoming administratrix, and by operation of law the administratrix is regarded as holding the amount of the note as cash in hands the · same as the other effects of the intestate, subject to a due course of administration. See *Schnell* v. *Schroder*, *Bail. Eq.*, 335;

*Griffin* v. *Bonham,* 9 *Rich. Eq.,* 71; *Jacobs* v. *Woodside,* 6 *S. C.,* 490. The facts in the case of *Jacobs* v. *Woodside* are similar to the case under consideration. We see nothing in the facts of this case that should make it an exception to the well-settled principle of law which charges an administrator with his own note as cash in hand to be accounted for in the due course of administration.

It is the judgment of this court that the judgment of the Circuit Court be affirmed, and that the complaint herein be dismissed with costs.